IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Gail M. Trenda, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:08-cv-92 |
| | ) | |
| Michael J. Astrue, Social Security | ) | **REPORT AND RECOMMENDATION** |
| Administration Commissioner, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

Plaintiff has filed a motion for attorney's fees, costs and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (Doc. #25); and a motion for attorney's fees pursuant to 24 U.S.C. § 406(b) (Doc. #27). In plaintiff's motion for EAJA fees, she requests $12,212 in attorneys fees, costs totaling $354.40 for the court filing fee and copies, and expenses totaling $17.36 for postage. Plaintiff also requests $519.84 in attorney's fees for three additional hours spent replying to defendant's response to Trenda's motion for EAJA fees. (Doc. #33). Defendant does not object to an award of attorney's fees, costs and expenses under EAJA, but requests that the court award a reduced amount of attorneys's fees. In plaintiff's motion for attorney's fees pursuant to 24 U.S.C. § 406(b), she requests attorney's fees equal to 25 percent of the past-due disability benefits to which the plaintiff is entitled. Defendant does not object to an award of reasonable attorney fees pursuant to 24 U.S.C. § 406(b). Plaintiff and defendant both request the court hold plaintiff's motion for attorney's fees pursuant to 24 U.S.C. § 406(b) in abeyance pending calculation of the amount of past-due benefits plaintiff will receive.

**EAJA Fees**

Trenda's attorney expended 58.8 hours and his paralegal expended 23.8 hours on the case. Trenda's attorney also spent three hours replying to the response to Trenda's motion for EAJA fees. Defendant contends plaintiff's attorney and paralegal expended an unreasonable number of hours on Trenda's disability case, and defendant suggests the court should reduce the requested hours to 40, which is the upper end of the time typically expended on Social Security disability cases.

The fee applicant bears the burden of proving the requested hours are reasonable. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The court finds plaintiff has demonstrated the reasonableness of the number of hours expended in this case. Plaintiff's briefs were well written, addressed numerous issues, and provided substantial assistance to the court. It is clear that such thorough briefs would take time and effort commensurate with the requested amount. Further, the court notes this was not a typical Social Security disability case. The court expended at least twice as much time as it generally does in reviewing the case and preparing its Report and Recommendation.

**Section 406(b) Fees**

The court will hold plaintiff's motion for attorney's fees pursuant to 24 U.S.C. § 406(b) (Doc. #27) in abeyance pending calculation of the amount of past-due benefits plaintiff will receive, as requested by both plaintiff and defendant. The court will allow plaintiff to file a supplemental memorandum 14 days after she receives the calculation from the Commissioner. The court will also allow the defendant an opportunity to respond. In the event that plaintiff is awarded attorney fees under both § 406(b) and the EAJA, plaintiff's counsel must refund the lesser amount to Trenda. Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).

**IT IS RECOMMENDED:**

Plaintiff's motion for EAJA fees (Doc. #25) **BE GRANTED** and defendant be ordered to pay plaintiff the amount of $12,731.84 in attorneys fees and $17.36 for expenses.

Plaintiff be awarded $354.40 in costs under the Department of Justice's Judgment Fund.

**IT IS ORDERED:**

Plaintiff's motion for attorney's fees pursuant to 24 U.S.C. § 406(b) (Doc. #27) is held in abeyance pending calculation of the amount of past-due benefits plaintiff will receive. Plaintiff shall file a supplemental memorandum within 14 days after she receives the calculation from the Commissioner. Defendant shall have 10 days to respond to plaintiff's supplemental memorandum.

Dated this 16th day of November, 2009.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge

**Notice of Right to Object**

Pursuant to Local Rule 72.1 (D)(3), any party may object to this recommendation within ten (10) days after being served with a copy.